JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
METROPOLITAN LIFE INSURANCE COMPANY

### DEFENDANTS
RAYMOND K. DUGAN, FREDERICK BIRKS, IRENE HALLIGAN, THE ESTATE OF BARBARA J. BIRKS, ET AL.

(b) County of Residence of First Listed Plaintiff: **New York**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **WAYNE**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Mark R. Kehoe, Esquire, 1617 JFK Blvd., Suite 1500, Philadelphia, PA 19103-1815; 215-557-2900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 340 Marine | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1001, et seq.
Brief description of cause:
interpleader regarding life insurance benefits payable under an ERISA plan

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ DJ
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/4/17
SIGNATURE OF ATTORNEY OF RECORD: *Mark R. Kehoe*

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
MIDDLED DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND K. DUGAN, FREDERICK BIRKS, IRENE HALLIGAN, THE ESTATE OF BARBARA J. BIRKS, MATTHEW J. DUGAN, R.N.D., a minor, REILLY M. DUGAN, RAYMOND J. DUGAN, AND JAMES WILSON FUNERAL HOME, INC.,<br><br>Defendants. | Civil Action No.: |

## COMPLAINT IN INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

### PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the Commonwealth of Pennsylvania.

2. Defendant Raymond K. Dugan is a surviving son-in-law of Karen McMasters (the "Decedent"), and he resides in Lake Ariel, Pennsylvania. Raymond K. Dugan is a citizen of the Commonwealth of Pennsylvania within the meaning and intent 28 U.S.C. § 1332 and 28 U.S.C. § 1335.

3. Defendant Frederick Birks is a surviving son of the Decedent, and he resides in Oakland, New Jersey. Frederick Birks is a citizen of the State of New Jersey within the meaning and intent 28 U.S.C. § 1332 and 28 U.S.C. § 1335.

4. Defendant Irene Halligan is a surviving daughter of the Decedent, and she resides in Rockaway Point, New York. Irene Halligan is a citizen of the State of New York within the meaning and intent 28 U.S.C. § 1332 and 28 U.S.C. § 1335.

5. Barbara J. Birks was Decedent's daughter; died subsequent to her death and resided in Carbondale, Pennsylvania. Barbara J. Birks, and likewise, Defendant the Estate of Barbara J. Birks is a citizen of the Commonwealth of Pennsylvania within the meaning and intent 28 U.S.C. § 1332 and 28 U.S.C. § 1335. Upon information and belief, the Estate of Barbara J. Birks was not probated and no letters of administration were issued with respect to the Estate of Barbara J. Birks.

6. Defendant Matthew J. Dugan is a surviving grandchild of Decedent, and he resides in Philadelphia, Pennsylvania. Matthew J. Dugan is a citizen of the Commonwealth of Pennsylvania within the meaning and intent 28 U.S.C. § 1332 and 28 U.S.C. § 1335.

7. Defendant R.M.D., a minor, is a surviving grandchild of Decedent, and he resides in Lake Ariel, Pennsylvania. R.M.D. is a citizen of the Commonwealth of Pennsylvania within the meaning and intent 28 U.S.C. § 1332 and 28 U.S.C. § 1335.

8. Defendant Reilly M. Dugan is a surviving grandchild of Decedent, and he resides in Lake Ariel, Pennsylvania. Reilly M. Dugan is a citizen of the Commonwealth of Pennsylvania within the meaning and intent 28 U.S.C. § 1332 and 28 U.S.C. § 1335.

9. Defendant Raymond J. Dugan is a surviving grandchild of Decedent, and he

resides in Lake Ariel, Pennsylvania. Raymond J. Dugan is a citizen of the Commonwealth of Pennsylvania within the meaning and intent 28 U.S.C. § 1332 and 28 U.S.C. § 1335.

10. Defendant James Wilson Funeral Home, Inc., maintains its principal place of business in Lake Ariel, Pennsylvania and is a citizen of the Commonwealth of Pennsylvania within the meaning and intent 28 U.S.C. § 1332 and 28 U.S.C. § 1335.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this action pursuant to 29 U.S.C § 1132(e)(1) and 28 U.S.C. §1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq*. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure. This Court also has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 because two or more adverse claimants of diverse citizenship are claiming entitlement to life insurance benefits in MetLife's custody, the value of which exceeds $500.00.

11. Venue is proper pursuant to 29 U.S.C. §1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because multiple defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

12. The Decedent was a retiree of the New York Stock Exchange ("NYSE") and a participant in the International Exchange, Inc. basic life insurance plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by NYSE, and funded by a group life insurance policy issued by MetLife.

13. MetLife, as claim fiduciary, must administer claims in accordance with ERISA

3

and the documents and instruments governing the Plan.

14. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1002(8).

15. The Plan document entitled "Your Benefits Plan International Exchange, Inc. Basic Life Insurance," establishes, at page 22, the right of a Plan participant to designate his or her beneficiary, and states the following:

**Beneficiary**

You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.

You do not need the Beneficiary's consent to make a change. When We receive the change, it will take effect as of the date You Signed it. The change will not apply to any payment made in good faith by Us before the change request was recorded.

If two or more Beneficiaries are designated and their shares are not specified, they will share the insurance equally.

If there is no Beneficiary designated or no surviving designated Beneficiary at Your death, We may determine Beneficiary to be one or more of the following who survive You:

- Your Spouse or Domestic Partner;
- Your child(ren);
- Your parent(s); or
- Your sibling(s).

Instead of making payment to any of the above, We may pay Your estate. Any payment made in good faith will discharge our liability to the extent of such payment. If a Beneficiary or a payee is a minor or incompetent to receive payment, We will pay that person's guardian.

16. On July 18, 2014, the Decedent completed a beneficiary designation form naming as her primary beneficiary Karen E. Dugan, to received 100% of the basic life insurance benefits. If Karen E. Dugan predeceased Decedent, named as contingent beneficiaries were the following:

| | |
|---|---|
| Raymond K. Dugan | 48% |
| Raymond J. Dugan | 13% |
| Matthew J. Dugan | 13% |
| Reilly M. Dugan | 13% |
| Ryan M. Dugan | 13% |

17. Decedent died on March 15, 2016.

18. At the time of her death, the Decedent was enrolled under the Plan for basic life insurance benefits in the amount of FORTY-TWO THOUSAND SEVEN HUNDRED AND FORTY- FOUR ($42,744.00) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

19. Karen A. Dugan died on August 1, 2015, and accordingly, predeceased Decedent.

20. Irene Halligan signed an undated Insurance Proceeds Assignment assigning $5,545.00 of the Plan Benefits to James Wilson Funeral Home, Inc. for the Decedent's funeral services.

21. On March 19, 2016, Irene Halligan also completed and submitted a Claimant's Statement seeking the Plan Benefits.

22. On March 28, 2016, Raymond K. Dugan completed and submitted a Claimant's Statement seeking the Plan Benefits.

23. On March 28, 2016, Raymond J. Dugan completed and submitted a Claimant's Statement seeking the Plan Benefits.

24. On March 28, 2016, Matthew J. Dugan completed and submitted a Claimant's Statement seeking the Plan Benefits.

25. On March 28, 2016, Reilly M. Dugan completed and submitted a Claimant's Statement seeking the Plan Benefits.

26. On March 28, 2016, R.M.D., a minor completed and submitted a Claimant's Statement seeking the Plan Benefits.

27. Irene Halligan submitted a Claimant's Affidavit dated April 4, 2014, stating that Decedent did not have a spouse and identified as her four children Fred C. Birks, Irene Halligan, Barbara J. Birks and Karen Dugan. Irene Halligan stated in the Claimant's Affidavit that Barbara Birks died on July 7, 2016, and Karen Dugan died on August 1, 2015.

28. By correspondence dated April 18, 2016, MetLife denied Irene Halligan's claim for benefits, advising her that she was not Decedent's named beneficiary at the time of her death.

29. By correspondence dated June 11, 2016, Frederick Birks advised MetLife that "my siblings and I have grave concern regarding the mental health and clarity of my mother's decision to alter her Insurance Policy (change of beneficiary) with your company on July 18, 2014." He further stated that the change form "was either signed by someone other than my mother (who was not capable at that time,) or that she was coerced into this action."

30. By letter dated August 18, 2016, MetLife advised the parties that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave the parties an opportunity to try to resolve the matter in order to preserve the Plan Benefits from litigation costs and fees.

31. By correspondence dated September 14, 2016, Frederick Birks advised MetLife that he, Irene Halligan, the Estate of Barbara J. Birks and Raymond K. Dugan reached an agreement with respect to the payment of the Plan Benefits. However, Matthew J. Dugan, R.N.D., Reilly M. Dugan and Raymond J. Dugan were not parties to this agreement.

32. Upon information and belief, no agreement was reached amongst all of the parties.

33. MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits at issue without risking exposure of itself, the Plan, and NYSE to double liability.

34. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

35. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

36. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

(i) Appointing an administrator for the Estate of Barbara J. Birks, should the Court deem it necessary;

(ii) Appointing a guardian for R.M.D., should the Court deem it necessary;

(iii) Restraining and enjoining the Defendants by Order and Injunction of this Court

from instituting any action or proceeding in any state or United States court against MetLife, NYSE, or the Plan for the recovery of Plan Benefits, plus any applicable interest, by reason of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and agree between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(iii) Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus any applicable interest;

(iv) Dismissing MetLife with prejudice from this action and discharging MetLife, NYSE, and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest, into the Registry of this Court, or as otherwise directed by this Court;

(v) Awarding MetLife its costs and attorney's fees; and

(vi) Awarding MetLife such other and further relief as this Court deems just equitable and proper.

Dated: May 4, 2017

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Plaintiff,
Metropolitan Life Insurance Company

By: *Mark R. Kehoe*
Mark R. Kehoe, Esquire
1617 John F. Kennedy Blvd.
Suite 1500
Philadelphia, PA 19103
(215) 557-2900